**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MARIA GARCIA,<br><br>           Plaintiff,<br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>           Defendant. | No. CV 09-4042 CW<br><br>DECISION AND ORDER |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff Maria Garcia was born on August 25, 1962, and was forty-four years old at the time of her latest administrative hearing. [AR 132, 97.] She completed the sixth grade and has no past relevant work experience. [AR 97, 111.] Plaintiff claims disability on the

basis of diabetes, arthritis, mental problems, and depression. [AR 488.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on June 5, 2009, and filed on June 10, 2009. On December 1, 2009, defendant filed plaintiff's Administrative Record ("AR"). On March 10, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") on July 25, 2001, alleging disability since May 3, 1997. [AR 129, 453.] After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on September 12, 2002, before Administrative Law Judge ("ALJ") Rogers. [AR 453, 465.] Plaintiff appeared with a non-attorney representative, and testimony was taken from plaintiff, plaintiff's mother, and a vocational expert. [AR 453.] The ALJ denied benefits on November 26, 2002. [AR 465.] When the Appeals Council denied review on October 17, 2003, the ALJ's decision became the Commissioner's final decision. [AR 96.]

Plaintiff then applied for SSI on January 31, 2005, again alleging disability since May 3, 1997. [JS 2, AR 96.] After the application was denied and upon reconsideration, plaintiff requested an administrative hearing, which was held on January 29, 2007, before ALJ Zirlin. [JS 2, AR 113.] Plaintiff appeared with an attorney and testimony was taken from plaintiff and a vocational expert. The ALJ

denied benefits in a decision dated February 20, 2007. [JS 2.] When the Appeals Council denied review on April 9, 2009, the ALJ's decision became the Commissioner's final decision. [Id.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.   DISCUSSION

**A.   THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented

4

by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 3, 1997 (step one); that plaintiff had "severe" impairments, namely diabetes and rheumatoid arthritis (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 109.] Plaintiff was found to have an RFC to perform work at the light exertional level, with standing and walking restricted to two hours in an eight hour workday. [Id.] Plaintiff was also found to be precluded from driving and from working around unprotected heights and dangerous machinery. [Id.] Plaintiff was found to have no past relevant work experience (step four). The ALJ relied on the opinion of the vocational expert, who testified that plaintiff could perform jobs that exist in significant numbers in the national economy, such as an assembler, inspector and sorter (step five). [AR 111-112.]

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 112-113.]

### C. PLAINTIFF'S PRESENT CLAIMS

Plaintiff challenges the ALJ's decision by claiming that the ALJ did not fairly and accurately summarize the medical and non-medical evidence in the record and, accordingly, that the ALJ did not properly evaluate plaintiff's RFC. [JS 3, 11.]

### D. THE MEDICAL EVIDENCE AND PLAINTIFF'S RFC

Following the ALJ's decision denying plaintiff's claim for benefits on February 20, 2007, plaintiff requested review before the Appeals Council on March 13, 2007. [JS 2.] Plaintiff submitted additional evidence, including treatment records and a physical functional capacity questionnaire completed by Dr. Nathaniel Neal, plaintiff's treating doctor.[2] [AR 6.] Dr. Neal determined that plaintiff could sit for up to forty-five minutes and stand up to five minutes in an eight hour workday. [AR 906.] He also stated that plaintiff would need to do a job that permitted breaks at will and shifts in position (from standing, sitting or walking) at will. [Id.] He determined that plaintiff could stand less than two hours in an eight hour workday and sit for about two hours, could occasionally carry a maximum of ten pounds, and could use her hands to grasp, turn or twist objects up to ten percent of the time, use her fingers for fine manipulation between ten and fifteen percent of the time, and could use her arms to reach up to five percent of the time during an

---

[2] It is not clear from the Appeals Council decision if all of Dr. Neal's records or only the RFC questionnaire were presented for the first time on appeal, but it appears that none of Dr. Neal's records were provided to the ALJ, based on his decision. [AR 1, 6, 96-113.]

eight hour workday. [AR 906-907.] He also found that plaintiff could never bend and could twist up to ten percent of the time during an eight hour workday. [AR 907.] Finally, Dr. Neal determined that plaintiff would have to take more than three days off of work each month due to her impairment. [AR 908.]

On April 9, 2009, the Appeals Council issued an order stating that "[a]lthough Dr. Neal is a treating physician, his opinion is not supported by medical evidence in the file and is given little weight." [AR 6.]  In cases where, as here, evidence has been considered for the first time by the Appeals Council, the court will "consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council." Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993).  In this case, the Appeals Council summarily dismissed five years of medical records from Dr. Neal. [AR 6, 732-970.] Additionally, it is not apparent from the ALJ's decision or the list of evidence presented at the administrative hearing that the ALJ had a chance to review any of Dr. Neal's records. [AR 1, 96-113.] The questionnaire completed by Dr. Neal and his medical records are significant and probative to the disability determination and should have been considered by the Commissioner. Id. at 1454 (reversing Commissioner's decision when Appeals Council disregarded relevant medical evidence); see also Booz v. Secretary, 734 F.2d 1378, 1380 (9th Cir. 1984)(remanding for reconsideration by the ALJ where there is a "reasonable possibility" that new evidence would have changed the outcome of the case).  Accordingly, reversal is required.

**E.    REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172,

1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made. In particular, where critical evidence appears to have been presented first to the Appeals Council and not before the ALJ, a new evidentiary hearing is required so that the ALJ may have an opportunity to evaluate the evidence. Id. at 1180. Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: June 17, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge